## MERRIMAN v. CARNEY.

[No. 12,074.   Filed March 16, 1926.]

1. APPEAL.—*No question presented for review involving consideration of the evidence where appellant's recital of the evidence in his brief was incomplete.*—Where appellant, in reciting the evidence in his brief, omitted the cross-examination of all the witnesses, all the testimony of one witness, failed to set out the substance of a number of written instruments that were introduced in evidence, and omitted material parts of the direct examination of the appellee, no question was presented which required a consideration of the evidence.   p. 265.

2. APPEAL.—*Order of trial court correcting bill of exceptions will be reversed not sustained by memorandum or written evidence.*—Order of trial court correcting the bill of exceptions containing the evidence, made after the appeal was taken, will be reversed where there was no memorandum or other written evidence introduced in evidence warranting such correction, and the amendment of the bill will be disregarded.   p. 266.

From Clinton Circuit Court; *Earl B. Stroup,* Judge.

Action by John P. Merriman against Absalom P. Carney, in which the latter filed a cross-complaint. From a judgment for plaintiff on his complaint and for the defendant on his cross-complaint, the plaintiff appeals. *Affirmed.*   By the court in banc.

*Combs & Laymon,* for appellant.

*Truman A. Goldsberry, Gilbert P. Adams* and *Van-Brunt & Harker,* for appellee.

McMAHAN, J.—Action by appellant in ejectment. The first paragraph of complaint alleges appellant is the owner of, and entitled to the possession of, the real estate in question.   The second paragraph alleges that appellant, being the owner of the real estate, entered into a contract with appellee whereby he agreed to sell and convey the same to appellee, a small part of the purchase money being paid in cash and the balance to be paid in monthly installments, appellee to pay taxes, and

assume a certain mechanic's lien; that appellee failed and refused to make the monthly payments, and had failed to pay the taxes and the mechanics' lien, and asking that the contract be declared forfeited and appellant be given possession of the property.

Appellee filed an answer of denial and a counter-claim for damages on account of certain alleged fraudulent acts on the part of appellant arising out of the execution of the contract of sale. From a judgment in favor of appellant on his complaint and in favor of appellee on his counter-claim, this appeal.

The only error relied on and presented for our consideration relates to the action of the court in overruling appellant's motion for a new trial. A consideration of this question calls for a consideration of the evidence, which appellee insists is not in the record. In view of the further contention of appellee that the "Recital of the Evidence" in appellant's brief is not sufficient to present any question the determination of which depends on the evidence, it may be conceded, without deciding, that the evidence is properly in the record.

Appellant in his recital of the evidence has omitted the cross-examination of all of the witnesses; omitted all of the testimony of one witness; failed to set out the substance of a number of written instruments, omitted material parts of the direct examination of appellee, and so condensed that which he undertook to set out, as not to present any question the decision of which requires a consideration of all of the evidence.

In so far as the giving or refusing to give instructions are concerned, no attempt has been made to show that those refused were applicable to the evidence, or that those given were not proper, under the evidence.

After the oral argument in this court, appellant filed an application in the trial court for a correction of the

bill of exceptions, and, from an order correcting
2. the bill of exceptions, appellee has appealed and
challenges the sufficiency of the evidence to sustain the action of the court in that matter. This contention of appellee must be sustained. No memorial or written evidence was introduced in evidence warranting such a correction. It, therefore, becomes our duty to, and we will, ignore the action of the trial court wherein it attempted to amend the bill of exceptions.

Judgment affirmed.